UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MICAH GARDNER,
    Petitioner,

v.

KIM HOLLAND,
    Respondent.

Case No. 15-cv-04695-SI

**ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 1, 2, 3, 4, 5

## BACKGROUND

Jonathan Micah Gardner filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Gardner's miscellaneous requests also are before the court for consideration.

## BACKGROUND

Gardner was convicted in Alameda County Superior Court of forcible oral copulation and rape. Sentence enhancement allegations were found true. On August 29, 2012, he was sentenced to 25 years to life plus 18 years in prison.

Gardner appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2015. (Although Gardner alleges that his conviction as affirmed in 2012, the California courts' website shows that the order affirming the conviction was issued on February 2, 2015.) He then filed this action.

**DISCUSSION**

I. Review of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) petitioner's Sixth Amendment right to confront witnesses and Fourteenth Amendment right to due process were violated when the trial court refused to allow him to impeach Jane Doe with her prior convictions; (2) petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to object to prosecutorial error; and (3) cumulative error. Liberally construed, these three claims are cognizable in a federal habeas action and warrant a response.

Gardner also alleges the following as a fourth "claim": "This court should independently review the sealed transcript to determine if the trial court erred when it withheld discovery regarding Jane Doe's communications with her therapist." Dkt. No. 1 at 7. The California Court of Appeal's opinion explained the factual background for this claim in *People v. Gardner*, 2015 WL 433504 (Cal. Ct. App. Feb. 2, 2015). Gardner was tried in 2012 for a 2002 sexual assault of Jane Doe, who was 15 years old at the time of the assault.

> Defendant sought discovery of Jane Doe's communications with her psychotherapist, who invoked the victim/sexual assault counselor privilege codified in Evidence Code section 1035.4. Evidence Code section 1035.4 allows a trial court to order disclosure of confidential communications between a sexual assault counselor and a victim only when the trial court determines that the probative value of the information outweighs the negative effect on the victim and the treatment relationship. Application of the statute involves balancing the privacy interest of "one who considers himself or herself the victim of a sexual

2

assault" (*People v. Gilbert* (1992) 5 Cal.App.4th 1372, 1391) against the defendant's right to a fair trial.

The court held an in camera hearing with the therapist under oath to determine whether Jane Doe's communications should be disclosed to the defense for possible impeachment purposes. Following the in camera hearing, the court ordered the transcript sealed and sustained the claim of privilege.

Defendant asks that we independently review the sealed transcript of the hearing to determine whether the trial court erred in ruling that Jane Doe's communications with her therapist were not discoverable. The Attorney General does not object.

Accordingly, we have reviewed the sealed in camera testimony and have determined that it contains no evidence that could have been helpful to the defense in impeaching Jane Doe's credibility. We find no error in the trial court's ruling.

*Gardner*, 2015 WL 433504, at *10-11.

Having had a review of the evidence in question by the trial court and by the state appellate court, Gardner wants another review of that same evidence in his federal habeas proceeding. Gardner is asking this court to investigate and determine whether there might have been an error by the trial court, and to figure out whether any such error might have violated his federally-protected rights.[1] This claim must be dismissed without leave to amend because it does not allege the essential element of a habeas claim, i.e., a violation of Gardner's rights "under the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] Gardner has not alleged that the procedure used by the state trial and appellate courts violated any of his constitutional rights. Nor does it appear that such an allegation would help him. *Cf. Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) ("[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials"); *id.* at 326-27 (constitution permits judges to exclude evidence that, among other things, "poses an undue risk of 'harassment, prejudice, [or] confusion of the issues'"); *Montana v. Egelhoff*, 518 U.S. 37, 47 (1996) (defendant, not the State, bears the burden to demonstrate that the principle violated by an evidentiary rule "is so rooted in the traditions and conscience of our people as to be ranked as fundamental.").

II.     Miscellaneous Motions

Gardner has filed a request to file a lengthy memorandum of points and authorities in support of his petition. Dkt. No. 2. The brief is 54 pages long. The excessive length is largely due to his unnecessary citations to, and discussion of, state law -- in fact, the index to the memorandum lists more than 40 state court cases. Federal habeas relief is unavailable for errors of state law, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and the extended state law discussions are simply irrelevant to the issues this court can consider in a habeas action. However, it is easier for the court to ignore the irrelevant state law discussions than to require the preparation of a new brief. The request to file a lengthy memorandum is GRANTED. Dkt. No. 2. The 54-page memorandum will be accepted. Petitioner's traverse may not exceed 25 pages in length.

Gardner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED. Dkt. No. 4.

Finally, Gardner has requested an evidentiary hearing. The request is DENIED. Dkt. No. 5. There does not appear to be a need for an evidentiary hearing at this time. If, upon reading the answer and traverse, the court determines that an evidentiary hearing is necessary, it will order one *sua sponte*.

**CONCLUSION**

For the foregoing reasons,

1.      The petition states three cognizable claims for habeas relief and warrants a response. "Claim 4" is dismissed.

2. The clerk shall serve a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **January 22, 2016**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **February 19, 2016**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's request to file a long brief and to proceed *in forma pauperis* are GRANTED. Dkt. Nos. 2, 3. Petitioner's motion for appointment of counsel and for an evidentiary hearing are DENIED. Dkt. Nos. 4, 5.

**IT IS SO ORDERED**.

Dated: October 30, 2015

_____
SUSAN ILLSTON
United States District Judge