UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MICAH GARDNER,<br>    Plaintiff,<br>    v.<br>KIM HOLLAND,<br>    Defendant. | Case No. 15-cv-04695-SI<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br>Re: Dkt. No. 27 |

On October 28, 2016, the court granted the petition for writ of habeas corpus on a Confrontation Clause claim. Respondent now moves to alter or amend the judgment. Respondent argues that the court's harmless error analysis did not properly consider evidence that Gardner had "raped" another minor, Aaliyah Doe, and Gardner "obviously tailored his defense." Docket No. 27 at 3, 4. The court was aware of these two areas of evidence, but did not see them as having much weight in the harmless error analysis and therefore did not specifically discuss them. Before ruling on the motion to alter or amend the judgment, however, the court wants to hear further argument on two particular points.

First, the court reads a key sentence in *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986), to have a different meaning than respondent urges. *Van Arsdall* stated that, when a defendant has been deprived of his Confrontation Clause right to cross-examine a witness, the factors to consider in doing a harmless error analysis "include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, *the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points*, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.* at 684 (emphasis added). The court understands the italicized phrase to refer to the testimony

of the witness who was not fully confronted, rather than to the testimony of other witnesses, such as the defendant. In other words, the court reads the phrase to mean the presence or absence of evidence corroborating or contradicting the testimony of the *unconfronted* witness on material points. Respondent's argument at page 5 of his motion to alter or amend seems to read the italicized phrase as referring to testimony of the defendant. In his supplemental brief, respondent should provide up to four of his most helpful cases supporting his interpretation of the quoted sentence from *Van Arsdall*.

Second, the court is interested in hearing further about the use of a defendant's own testimony in the harmless error analysis; specifically, whether an inconsistent or unbelievable tale from a defendant weighs in favor of finding harmless error, and how heavily it should weigh. Respondent may provide up to four of his most helpful cases applying or discussing the use of a defendant's testimony in the harmless error analysis.

Respondent must file his supplemental brief no later than **November 21, 2016**. Petitioner must file any opposition to the motion and supplemental brief no later than **December 9, 2016.** The briefs may not exceed **eight pages** in length. At the time respondent files his supplemental brief, respondent also must mail to petitioner a copy of each case cited in his motion and supplemental brief.

Finally, respondent asks that the court reset the 90-day deadline for the State to commence proceedings to retry Gardner so that the clock will start ticking on the date the court rules on the motion to alter or amend, rather than on the date of the order granting the petition for writ of habeas corpus. That request is GRANTED. The 90-day deadline will run from the date on which the court rules on the pending motion to alter or amend the judgment.

**IT IS SO ORDERED**.

Dated: November 14, 2016

_____
SUSAN ILLSTON
United States District Judge